UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
REBECCA TUTEUR, on behalf of herself and
all others similarly situated, et al.,

                                       Plaintiffs,

            -against-

METROPOLITAN OPERA
ASSOCIATION, INC.,

                                       Defendant.
------------------------------------------------------------------X

23 Civ. No. 3997 (GS)

**ORDER GRANTING
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

**GARY STEIN, United States Magistrate Judge:**

WHEREAS, a putative class action lawsuit is pending before the Court entitled *Tuteur, et al. v. Metropolitan Opera Association, Inc.*, Case No. 1:23-cv-03997-GS (the "Action");

WHEREAS, Plaintiffs Rebecca Tuteur, Anthony Viti, and Matthew Napoli (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, together with Defendant Metropolitan Opera Association, Inc. ("the Met Opera" or "Defendant," and together with Plaintiffs, the "Parties"), have agreed to settle Plaintiffs' claims related to an incident in which an unauthorized third party gained access in 2022 to certain of the Met Opera's systems (the "Met Opera Data Security Incident");

WHEREAS, Class Counsel represent they have conducted an extensive investigation into the facts and law relating to the matters alleged in the Action;

WHEREAS, the Parties represent they reached a settlement as a result of extensive arm's-length negotiations between the Parties and their counsel, occurring over the course of a number of months, including a mediation session with mediator Hon. Wayne Anderson (Ret.) of JAMS;

WHEREAS, the Settlement Agreement,[1] together with the exhibits attached thereto, sets

---

[1] The Settlement Agreement is attached as Exhibit 1 to the Declaration of Israel David in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (Dkt. No. 60-3). Unless otherwise indicated,

1

forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to the Met Opera for the claims of the Settlement Class upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, following Plaintiffs' initial submission of an unopposed motion seeking preliminary approval of the settlement, the Court held a conference with the parties on September 18, 2024;

WHEREAS, following the conference, the parties made certain changes and Plaintiffs resubmitted their unopposed motion for preliminary approval of the settlement (Dkt. No. 60), along with a memorandum of law in support (Dkt. No. 60-1) and a Declaration from Plaintiffs' counsel, Israel David, with exhibits (including the Settlement Agreement) (Dkt. Nos. 60-2 through 60-6); and

WHEREAS, the Court has reviewed and considered the motion papers, the Settlement Agreement, and the exhibits attached thereto;

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. **<u>Class Certification for Settlement Purposes Only</u>**. For settlement purposes only and pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure, the Court provisionally certifies a Settlement Class in this matter defined as follows:

> **All individuals who were mailed a notification by or on behalf of the Met Opera regarding the Met Opera Data Security Incident.**

Specifically excluded from the Settlement Class are:

> (i) the Met Opera; (ii) all Settlement Class Members who timely and validly submit a Request for Exclusion; (iii) any judges assigned to the Action and their staff and

capitalized terms used herein have the same meaning as in the Settlement Agreement.

family; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the criminal activity occurrence of the Met Opera Data Security Incident or who pleads *nolo contendere* to any such charge.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class as Plaintiffs have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel.**

The Court hereby provisionally designates and appoints Rebecca Tuteur, Anthony Viti, and Matthew Napoli as the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Settlement Class Members and therefore typical of the Settlement Class and that they will be adequate Settlement Class Representatives.

The Court finds that the law firms of Siri & Glimstad LLP and Israel David LLC are experienced and adequate counsel and are hereby provisionally designated as Class Counsel.

3. **Preliminary Settlement Approval.** Plaintiffs have moved the Court for an order

3

approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice against the Met Opera.

The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(A) that the Parties have provided sufficient information for it to be able to determine whether to give Notice of the Settlement to the Settlement Class.

The Court finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i) that the terms of the Settlement Agreement appear to be fair, reasonable, and adequate such that it will likely be able to finally approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) after the hearing on final approval of the Settlement Agreement.

The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement falls within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Settlement Class as to their claims against the Met Opera. The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purpose and objectives of the Action and provides beneficial relief to the Settlement Class. The Court also preliminarily finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arm's-length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of mediator Hon. Wayne Anderson (Ret.); (b) is sufficient to warrant Notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 23 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Met Opera.

**4.** **Jurisdiction.** The Court concludes that it has subject matter jurisdiction and

personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this court.

   5.  **Final Approval Hearing.** A Final Approval Hearing shall be held on March 11, 2025, at 2:00 p.m., in the United States District Court for the Southern District of New York, at the Courthouse located at 500 Pearl Street, Courtroom 9A, New York, New York 10007, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes; (b) the Settlement should be finally approved as fair, reasonable, and adequate; (c) the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Participating Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; and (e) the Motion of Class Counsel for an award of attorneys' fees, costs, expenses, and a Service Award Payment (the "Fee Application") should be approved.

  Plaintiffs' Fee Application shall be filed 14 days prior to Settlement Class Members' deadlines to object to or exclude themselves from the Settlement.

  Plaintiffs' Motion for Final Approval of the Settlement shall be filed with the Court at least 21 days prior to the Final Approval Hearing, and at least 90 days after appropriate government officials are notified by or on behalf of the Met Opera of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. By no later than 7 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and any replies in support of final approval of the Settlement and/or the Fee Application.

   6.  **Administration.** The Court approves the appointment of Angeion Group as the Settlement Administrator, with responsibility for Settlement Class Notice and Claims administration and to fulfill the duties of the Settlement Administrator as set forth in the Settlement Agreement. Defendant shall pay all costs and expenses associated with providing notice to

Settlement Class Members including, but not limited to, the Settlement Administrator's fees, as well as the costs associated with administration of the Settlement.

      7.     **Notice to the Class.** Notice of the Settlement and the Final Approval Hearing shall be given as follows:

  (a)     Within 14 days of this Order, Defendant shall provide the Settlement Class List to the Settlement Administrator;

  (b)     Within 30 days of this Order, the Settlement Administrator shall issue Notice to the Settlement Class Members in the manner set forth in the Settlement Agreement (the "Notice Deadline"); and

  (c)     As soon as practicable following entry of this Order, but prior to the date on which the Settlement Administrator issues Notice to the Settlement Class Members, the Settlement Administrator shall establish the Settlement Website as set forth in the Settlement Agreement.

      8.     **Findings and Conclusions Concerning Notice.** The Court finds that the form, content, and method of giving Notice to the Settlement Class as described in this Order and in Section VII of the Settlement Agreement (including the exhibits thereto): (a) constitute the best practicable Notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the releases to be provided thereunder), of Class Counsel's request for Fee Award and Costs, of Settlement Class Representatives' requests for Service Award Payments, of Participating Settlement Class Members' right to object to the Settlement and/or the Fee Application, and of their right to appear at the Final Approval Hearing, and of Settlement Class Members' right to exclude themselves from the Settlement Class; and (c) are reasonable and constitute due, adequate, and sufficient Notice to all Settlement Class Members and other persons entitled to receive Notice. The Court concludes that the Notice program meets all applicable

requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

9.  **Exclusion from Class.**  Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class (a "Request for Exclusion") to the Settlement Administrator at the address provided in the Notice, postmarked no later than 45 Days after the Notice Deadline (the "Opt-Out Deadline"). The written notification must include the name of the Action, the individual's full name, current address, and the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement at the top of the communication, and the original signature of the individual or a person previously authorized by law to act on behalf of the individual with respect to the claims asserted in the Action.

The Settlement Administrator shall provide the Parties with copies of all completed Requests for Exclusion, and a final list of all who have timely and validly excluded themselves from the Settlement Class.

Any Settlement Class Member who does not timely and validly exclude herself orhimself from the Settlement shall be bound by the terms of the Settlement Agreement.  If a Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid Request for Exclusion shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Final Approval Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the Released Claims and all other claims and transactions released in the Settlement Agreement.  All Settlement Class Members who

submit valid and timely Requests for Exclusion shall not be entitled to receive any benefits of the Settlement.

      **10.**    **Objections and Appearances.** A Participating Settlement Class Member who complies with the requirements of this section may object to the Settlement and/or the Fee Application.

No Participating Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Participating Settlement Class Member shall be received and considered by the Court, unless the objection is postmarked and mailed to the Settlement Administrator by no later than **45 days after the Notice Deadline** (the "Objection Deadline"). For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 61 of the Settlement Agreement, which is as follows:

    (i)    the name of the Action;

    (ii)    the Participating Settlement Class Member's full name, current mailing address, and telephone number;

    (iii)    a statement of the specific grounds for the objection, as well as any documents supporting the objection;

    (iv)    a statement as to whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class;

    (v)    the identity of any attorneys representing the objector;

    (vi)    a list of all instances in the past 5 years in which he or she and his or her counsel objected to other proposed class action settlements;

    (vii)    information identifying the objector as a Settlement Class Member, including proof that the objector is within the Settlement Class (e.g., copy of the Notice or a copy of the original notice of the Met Opera Data Security Incident);

(viii)   a statement regarding whether the Participating Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and

(ix)   the signature of the Participating Settlement Class Member or the Participating Settlement Class Member's attorney.

Any Participating Settlement Class Member who fails to comply with the provisions in this section may waive and forfeit any rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the releases included in the Settlement Agreement if the Final Approval Order and Judgment is entered.

Any Participating Settlement Class Member, including a Participating Settlement Class Member who submits a timely written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Participating Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, or the Fee Application.

If the Final Approval Order and Judgment is entered, any Participating Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, or the Fee Application.

11.   **Claims Process and Distribution and Allocation Plan.**  Plaintiffs and Defendant have created a process for assessing and determining the validity and value of Claims and a payment methodology to Participating Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for Settlement consideration and benefits described in Sections II, III and IV of the Settlement Agreement and directs that the Settlement

Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Participating Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Participating Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

12.  **Termination of Settlement**. This Order and all other subsequent orders entered by the Court relating to the Settlement shall become null and void and shall be treated as vacated, *nunc pro tunc*, without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions and status in the Action existing as of the date of the execution of the Settlement Agreement if (a) the Court denies final approval of the Settlement or the Settlement Agreement and the Parties fail to submit reasonable modifications to the Settlement Agreement to address any issues within 60 days of such non-approval by the Court, (b) the Final Approval Order and Judgment does not become Final, or (c) the Settlement Agreement is terminated, in each case, in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement and/or certification of the Settlement Class shall be used in the Action or referred to in any other proceeding for any purpose whatsoever.

13.  **Use of Order**. This Order shall not be construed or used as an admission,

concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

14. **Stay of Proceedings**. Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website by the Settlement Administrator.

16. **Summary of Deadlines**. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| Event | Deadline |
|---|---|
| Defendant to Provide Settlement Class List to the Settlement Administrator | 14 days after entry of the Preliminary Approval Order |
| Notice Deadline | 30 days after entry of the Preliminary Approval Order |
| Deadline to Submit Fee Application | 14 days before the Opt-Out and Objection Deadlines |
| Objection Deadline | 45 days from the Notice Deadline |
| Opt-Out Deadline | 45 days from the Notice Deadline |
| Claims Deadline | 90 days from the date Notice is mailed to Settlement Class Members |

11

| | |
|---|---|
| Motion for Final Approval | 21 days before Final Approval Hearing and at least 90 days after CAFA Notice |
| Final Approval Hearing | March 11, 2025 at 2:00 p.m. |

IT IS SO ORDERED this day of October 4, 2024.

_____
HON. GARY STEIN
United States Magistrate Judge

12