UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **REBECCA TUTEUR, ANTHONY VITI,** and **MATTHEW NAPOLI,** on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**METROPOLITAN OPERA ASSOCIATION, INC.,**<br><br>Defendant. | Case No. 1:23-cv-03997-GS<br><br>**DECLARATION OF MASON A. BARNEY IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Mason A. Barney, being competent to testify, make the following declaration:

1. I am a partner at Siri & Glimstad LLP. I am one of the lead attorneys for Plaintiffs Rebecca Tuteur, Anthony Viti, and Matthew Napoli ("Plaintiffs" or "Settlement Class Representatives") and the Settlement Class in the Action, with Siri & Glimstad LLP having been appointed as Settlement Class Counsel, along with Israel David LLC. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2. Settlement Class Counsel has extensive experience prosecuting complex class actions. My experience and that of my co-counsel, Israel David LLC, are outlined in our respective firm resumes attached to the October 2, 2024 declaration of Israel David submitted in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Dkt. Nos. 60-4, 60-5.

3. While briefing Defendant's Motion to Dismiss, during which the Parties engaged

1

in extensive factual and legal research and briefing on Defendant's motion to dismiss, the Parties began discussing the possibility of a potential early resolution. In advance of formal mediation, Settlement Class Counsel conducted substantial research into the Met Opera Data Security Incident and the merits of Plaintiffs' claims, Defendant's defenses thereto, and class certification issues, and the Parties discussed and disputed their respective positions regarding the same.

4. The Parties engaged Judge Wayne Anderson (Ret.) of JAMS as a mediator to oversee the settlement negotiations in the Action.

5. Following months of continued adversarial and extensive arm's length settlement negotiations, the Parties agreed upon the essential terms of the Settlement Agreement.

6. The Settlement Agreement was finalized and executed on September 30, 2024.

7. The Settlement provides for four potential categories of relief for Participating Settlement Class Members: (i) up to $750 in ordinary loss reimbursements; (ii) up to $7,500 in extraordinary loss reimbursements; (iii) between one and four hours of lost time at $25 per hour; and (iv) two years of free Credit Monitoring Services. Categories (i)-(iii) are subject to a $450,000 aggregate cap. Defendant has agreed to pay for the Credit Monitoring Services separate and apart from the aforementioned $450,000 aggregate cap in respect of Categories (i)-(iii).

8. Plaintiffs have actively participated in this Action including assisting in the investigation of the case, maintaining contact with Settlement Class Counsel, reviewing the pleadings, answering Settlement Class Counsel's questions, communicating with Settlement Class Counsel during and following the Settlement negotiations, and reviewing the terms of the Settlement Agreement. Plaintiffs have no conflicts with the proposed Settlement Class.

9. Settlement Class Counsel collectively utilized their significant experience in class action litigation to reach this resolution, and in my judgement, based on extensive experience in

class action litigation and other complex civil litigation, the Settlement Agreement presents a favorable result for the Class.

10. Attached hereto as Exhibit 1 is the objection of Frank Goldsmith.

11. Attached hereto as Exhibit 2 is the objection of Phillip L. Radoff.

12. Attached hereto as Exhibit 3 is the Declaration of Jenny Shawver of Angeion Group.

I declare under penalty of perjury under the laws of the State of New York and the United States that the foregoing is true and correct, and that this declaration was executed in the State of New York on this 18th day of February 2025.

Respectfully Submitted,

/s/ *Mason A. Barney*
Mason A. Barney